UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:

REGINA GUZIOR,                                Case No.     04-23413
                                                 Chapter 7
            Debtor.                            Hon. Walter Shapero

_____/

AMENDED OPINION[1] SUSTAINING
TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION

       This case involves the Chapter 7 Trustee's objection to a tenancy by the entireties property exemption claimed by the debtor, Regina Guzior (Debtor), pursuant to 11 U.S.C. § 522(b)(2)(B). Trustee argues that Debtor is not entitled to her exemption, as claimed, since she and her non-debtor spouse were indebted to joint creditors at the time she filed her bankruptcy petition. Debtor challenges the standing of the Trustee as well as the basis of the Trustee's objection. For the reasons stated below, the Court sustains the Trustee's objection.

I. Facts

       These are the undisputed facts. On August 27, 2004, Debtor filed an individual chapter 7 bankruptcy petition.[2] Debtor is married and her spouse did not file bankruptcy. In her Schedule A, Debtor disclosed her interest in real property located at 206 Graham Street, Midland, Michigan ("Marital Property"). Debtor represented that she held the Marital Property with her non-debtor spouse as a tenant by the entirety. She stated the current market value of the Marital Property as $172,400 and the value of her "undivided" interest as $86,200. On her Schedule C, Debtor elected to claim an exemption of the Marital Property based on her tenancy by the entirety interest under

---

    [1] This opinion was amended to edit citations and there were no substantive revisions.

    [2] This case is governed by the Bankruptcy Code in existence prior to October 17, 2005, which is the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Michigan law through 11 U.S.C. § 522(b)(2)(B) and stated the value of her exemption as $ 61,533.01.[3]

Debtor disclosed that the Marital Property was encumbered by two mortgages. The first mortgage is held by Chemical Bank and Trust in the amount of $ 19,473.50. (Sch. D.)  The second mortgage is held by Comerica Bank in the amount of $ 29,860.48. (Sch. D.)  The total amount of these secured joint claims is $ 49,333.98. (Sch. D.)  The total amount of Debtor's unsecured claims is $ 96,040.49, which consists of $ 82,068.20 of individual debt, $ 5,109.92 in joint debt with her non-debtor spouse, and $ 8,862.37 of joint debt with a defunct business listed as the co-debtor. (Sch. F.) On her Schedule H, Debtor stated that her and her husband were jointly liable on the debts to Chemical Bank & Trust, Comerica Bank, and Discover Card Services.

On October 13, 2004, the § 341 hearing was held.  Based on Debtor's sworn testimony and the Trustee's review of documents provided by the Debtor, Trustee timely filed an objection to Debtor's claimed exemption of the Marital Property on October 27, 2004.  On November 9, 2004 Debtor filed a response challenging the standing of the Trustee as well as the merits of the Trustee's objection.

A hearing was held on December 2, 2004.  During the hearing, Debtor explained that her intention was to reaffirm the mortgages on the Marital Property.  Debtor represented that the first mortgage holder, Chemical Bank, did not require her to sign a reaffirmation agreement; but that the second mortgage holder, Comerica Bank, did. The parties did not dispute that the docket indicates that a reaffirmation agreement between Comerica Bank and the Debtor had been filed. (Doc. No. 16.)

Trustee argued that under *In re Grosslight*, 757 F.2d 773 (6th Cir. 1985) and *In re Dembs*, 757 F.2d 777 (6th Cir. 1985) when a chapter 7 debtor has joint debt and elects to exempt joint property under Michigan law, such an exemption should be disallowed. Debtor disputed Trustee's reliance and interpretation of *In re Grosslight* and *In re Dembs*.  Debtor argued that these cases "do not apply" to the circumstances of this

---

[3] Debtor most likely arrived at this amount through the following calculation: $ 86,200.00 minus $ 24,666.99 (one-half of the amount of secured claims) equals $ 61,533.01.

case and were factually distinguishable. In reply, the Trustee disagreed that the facts in this case were different and maintained that any factual distinctions were irrelevant. At the conclusion of the hearing, the Court permitted the parties to file post-hearing briefs.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case under 28 U.S.C. § 1334(a), 157(a), and 157(b)(1) and Local Rule 83.50 (E.D.M.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## III. Discussion

A. Issues

There are two issues before the Court. The first one involves whether a Chapter 7 trustee has standing to object to a debtor's exemption of a tenancy by the entireties property interest under Michigan law pursuant to 11 U.S.C. § 522(b)(2)(B). The second issue is the extent a debtor may exempt real property held as a tenant by the entirety under Michigan law pursuant to 11 U.S.C. § 522(b)(2)(B).

B. Analysis

1. *Standing of Trustee to Object to Debtor's Exemption*

In order to address the merits of the Trustee's objection the Court must first determine whether a Chapter 7 trustee has standing to object to a debtor's exemption of an entireties property interest pursuant to 11 U.S.C. § 522(b)(2)(B). Debtor opposes the Trustee's authority to object to her exemption of the Marital Property on two grounds.

First, Debtor contends that there is "no basis under federal or state law" that provides the Trustee with the right to object to her exemption. Debtor maintains that the only entities who are entitled to object to her exemption of the Marital Property are her joint creditors. In support of her position, Debtor does not cite to or rely on a particular section of the Bankruptcy Code or a specific Federal Rule of Bankruptcy Procedure. Instead, Debtor argues that *Grosslight* and *Dembs* are "distinguishable on their facts

-3-

from the case at bar." Debtor contends that *Grosslight* stands for the proposition that only joint creditors may object to the exemption of entireties property. In addition, Debtor points out that neither of these cases involved objections raised by a trustee but instead were objections raised by joint creditors. Debtor contends that "[t]he joint creditor[s] [were] special status creditor[s] and Trustee does not step into the shoes of a hypothetical 'special status' creditor." (Debtor's "Brief in Opposition to Trustee's Objection to Debtor's Claim of Exemption" ("Debtor's Br. in Opp'n").) In further support of her position, Debtor relies on the decision of the Western District Court of Michigan in *Spears v. Boyd* (*In re Spears*), 313 B.R. 212 (W.D. Mich. 2004). Debtor argues that the district court in following *Grosslight* held that "only joint creditors may object to the claim of exempt for entireties property, and that they must make a timely objection." (Debtor's "Supplemental Brief in Opposition to Trustee's Objection to Debtor's Claim of Exemptions" ("Debtor's Supplemental Br.") at 3.)

In further support of her position, Debtor relies on Mich. Comp. Laws Ann. § 600.2807(1), which states that "[a] judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both the husband and wife." Debtor contends that since there "are no judgment creditors, either individual or joint, and no creditor has objected to the claim of exemption[,] the Trustee has no basis for objection under either federal or state law." (Debtor's Supplemental Br. at 2.). The Court is not persuaded by Debtor's arguments. The Court finds that the Bankruptcy Code empowers the Trustee, as a "party in interest," with the right to object to Debtor's exemption of the Marital Property.

It is undisputed that upon the Debtor's filing of her bankruptcy petition, her tenancy by the entirety interest in the Marital Property became "property of the estate." 11 U.S.C. § 541(a)(1); *see also Arango v. Third National Bank in Nashville* (*In re Arango*), 992 F.2d 611, 613 (6th Cir. 1993) (acknowledging that in order for one spouse to exempt her interest in entireties property, it must first be property of the estate.); *Liberty State Bank and Trust v. Grosslight* (*In re Grosslight*), 757 F.2d 773, 775 (6th Cir. 1985) (recognizing that "[i]t is now established law that [§ 541(a)(1)] brings entireties property into the bankruptcy estate.") (citations omitted); *In re Smith*, 246 B.R. 540, 542-

43 (Bankr. E.D. Mich. 2000). A debtor may exempt from property of the estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). *See also Owen v. Owen*, 500 U.S. 305, 308 (1991) (stating that "[a]n exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."). A debtor exempts property from property of the estate by "fil[ing] a list of property that the debtor claims as exempt under [§ 522(b)]." 11 U.S.C. § 522(l). A "party in interest" must file an objection to property that is claimed as exempt or such property "is exempt" from property of the estate. 11 U.S.C. § 522(l). "A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b).

For purposes of Chapter 7, the phrase "party in interest" is not defined. *Brady v. McAllister* (*In re Brady*), 101 F.3d 1165, 1170 (6th Cir. 1996) (holding that a Chapter 7 trustee as a "party in interest" has standing pursuant to Federal Rule of Bankruptcy Procedure 4007(c) to request an extension of time for creditors to file nondischargeability complaints); *See, e.g.*, *In re Citi-Toledo Partners II*, 254 B.R. 155, 162-63 (Bankr. N.D. Ohio 2000) (explaining that "the legislative history preceding the enactment of the Bankruptcy Code indicates that a court should give the term [party in interest] a broad interpretation after giving due consideration to the particular context in which the term will be applied.") (citation omitted).

> [Party in interest] has been described as "an expandable concept depending on the particular factual context in which it is applied." *In re River Bend-Oxford Associates*, 114 B.R. 111, 113 (Bankr.D.Md.1990). In various contexts, a party in interest has been held to be one who has an actual pecuniary interest in the case, *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706 (8th Cir.1979); anyone who has a practical stake in the outcome of a case, *In re Amatex Corporation*, 755 F.2d 1034, 1041-44 (3rd Cir.1985); and those who will

-5-

> be impacted in any significant way in the case, *In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr.S.D.N.Y.1984).

*Morton v. Morton* (*In re Morton*), 298 B.R. 301, 307 (B.A.P. 6th Cir. 2003) (citation omitted).

In this case, Trustee argues that Debtor's exemption of the Marital Property is not allowable since Debtor and her non-filing spouse possessed joint debts at the time she filed her individual bankruptcy petition. Contrary to Debtor's argument, in objecting to her exemption, the Trustee is not acting as a "hypothetical special status creditor," but as "the representative of the estate." *See* 11 U.S.C. § 323(a). In this capacity, she is under a duty to "collect and reduce to money the property of the estate." *See* 11 U.S.C. § 704(a); *see also Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985) (stating that a "trustee is 'accountable for all property received,' . . . and has the duty to maximize the value of the estate") (citations omitted). "Thus, the statutory duty to administer nonexempt property of the chapter 7 estate implicitly empowers the trustee to screen and oppose exemption claims which may not be allowable." *Edmonston v. Murphy* (*In re Edmonston*), 107 F.3d 74, 76-77 (1st Cir. 1997). To fulfill this duty, a trustee must be able to analyze the property a debtor claims is exempt from property of the estate in accordance with federal, state, local, or other applicable nonbankruptcy law. *In re Hopkins*, 317 B.R. 726, 733 (Bankr. E.D. Mich. 2004) (opining that "[a] Chapter 7 trustee cannot fully perform his duty unless he analyzes the accuracy of the exemptions and files an objection to those which reduce the amount to be distributed to creditors"). In fact, if a trustee fails to timely object to exemptions claimed by a debtor, such failure results in the allowance of the exemptions even if there is no basis under law for such exemptions. *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). The particular status and actions of a creditor, whether individual, joint, secured, unsecured, or a judgment creditor, do not hinder, impair or preclude a trustee from exercising her right under federal law to object to improperly claimed exemptions. Therefore, the Court holds that a chapter 7 trustee may object to a debtor's claimed exemption of an entireties interest under § 522(b)(2)(B) as a "party in interest" in accordance with 11 U.S.C. § 522(l) and Fed. R. Bankr. P. 4003(b). *In re*

*Edmonston*, 107 F.3d at 76 (expressly adopting "the longstanding, implicit acknowledgment that a chapter 7 trustee is a 'party in interest' within the meaning of section 522(l)."); *In re Brooks*, 12 B.R. 22 (Bankr. S.D. Ohio 1981); *see also* Fed. R. Bankr. P. 2003(a) and (b) (which refer to "debtor, the trustee, all creditors and indenture trustees" as "parties in interest.").

Debtor's reliance on *Grosslight* for the proposition that only joint creditors may object to a debtor's exemption of entireties property under § 522(b)(2)(B) is without merit. Debtor argues that there is no reasoning in *In re Grosslight* that "states, or even suggests, that a trustee in bankruptcy may defeat a claim of exemption for property owned as a tenant by the entirety whenever some joint creditor exists." (Debtor's Supplemental Br.). Debtor's argument is flawed.

In *Grosslight*, the Sixth Circuit was not required to address the standing of the proper party to object to a debtor's exemption of entireties property interest under 11 U.S.C. § 522(b)(2)(B). As stated by the Sixth Circuit, the issue before it was "whether entireties property is exempt from [the claims of] joint creditors under 11 U.S.C. § 522(b)(2)(B)." *In re Grosslight*, 757 F.2d at 776. As is explained later in this opinion, *Grosslight* defines the parameters of a debtor's ability to exempt a tenancy by the entirety property interest to the extent permitted under Michigan law. While the moving party in *Grosslight* was an unsecured joint creditor and the Court articulated an objection to exemption procedure in recognition of the rights of joint creditors, these facts do not limit nor confine its holding.

Likewise, Debtor's reliance on *Spears v. Boyd* (*In re Spears*), 313 B.R. 212 (W.D. Mich. 2004) is misplaced. This decision addressed whether under federal law a tenancy by the entireties interest is severed when an individual bankruptcy petition is filed by a party who holds an interest in entireties property at the commencement of her case. A party's standing to object to exemptions claimed pursuant to 11 U.S.C. § 522(b)(2)(B) was not at issue. Any discussion by the district court of *Grosslight* in the context of whether a Chapter 7 trustee may object to exemptions claimed by a debtor under § 522(b)(2)(B) is dicta.

Finally, Debtor's reliance on a subsection of Michigan's recently enacted judgment lien statute is also without merit. Specifically, Debtor relies on Mich. Comp. Laws Ann. § 600.2807(1), which provides that "[a] judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both the husband and wife." Initially the Court notes that the issue before it pertains to the exemption rights provided to a debtor under federal law, which incorporates state law. The necessary criteria required under Michigan law for attachment of a judgment lien to real property held by tenants by the entirety is not relevant. The Court also notes that Mich. Comp. Laws Ann. § 600.2807(1) appears to be a codification of Michigan's strong common law of protecting a tenancy by the entirety interest from the claims of the individual creditors of a husband or wife.

Even if the Court were to conclude that Mich. Comp. Laws Ann. § 600.2807(1) was somehow relevant to the issue before the Court, the Debtor is precluded from relying on it. Michigan's judgment lien statute as provided in Mich. Comp. Laws Ann. § 600.2801 through § 600.2819 was created by 2004 PA 136, which was approved and filed on June 10, 2004. According to enacting section 1 of 2004 PA 136, the effective date of the act was September 1, 2004. Under Michigan law, when "determining whether a statute should be applied retroactively or prospectively only, '[t]he primary and overriding rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle.'" *Frank W. Lynch & Co. v. Flex Technologies, Inc.*, 624 N.W.2d 180, 182 (Mich. 2001) (*quoting Franks v. White Pine Copper Division*, 375 N.W.2d 715, 730 (Mich. 1985)). "'[S]tatutes are presumed to operate prospectively unless the contrary intent is clearly manifested.'" *Id*. The effective date of Michigan's judgment lien statute was September 1, 2004. Since Debtor commenced her bankruptcy case on August 27, 2004 and there is nothing in the language of Michigan's judgment lien statute that expressly provides for its retroactive application, she may not rely on a statute that did not exist as of the date she filed bankruptcy.

2. *Debtor's Exemption as Claimed is Contrary to Michigan's Tenancy by the Entireties Law as Incorporated into Section 522(b)(2)(B)*

As to the merits of the Trustee's objection, Trustee acknowledges that § 522(b)(2)(B) permits Debtor to exempt the Marital Property as provided by Michigan law. However, Trustee objects to Debtor's claimed exemption of the Marital Property on the grounds that such an exemption is "impermissible as it relates to [joint] creditors[.]" (Trustee's "Objection to Debtor's Claim of Exemptions" at ¶ 6.). In support of her position, Trustee "relies on *In re Grosslight*, 757 F.2d 773 (6th Cir. 1985) and *In re Dembs*, 757 F.2d 777 (6th Cir. 1985)." (Trustee's "Brief in Support."). Trustee seeks disallowance of Debtor's exemption or, alternatively, for the Marital Property to be sold pursuant to 11 U.S.C. § 363(h).[4] Although Debtor concedes that "Michigan law permits a joint creditor to proceed against entireties property[,]" she maintains that her exemption is properly claimed. (Debtor's Supplemental Br.). The Court rejects Debtor's position.

Section 522(b) provides, in relevant part, that

an individual debtor may exempt from property of the estate

. . .

    (2) (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

---

[4] Section 363(h) does provide the Trustee with the right to sell this asset. However, to exercise this right the Trustee is required to commence an adversary proceeding "to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property." *See* Fed. R. Bankr. P. 7001(3). As of the date of this opinion, the Trustee had not commenced such a proceeding. At this time, the Court expresses no opinion about a § 363(h) sale because this issue is not properly before it.

There are two parts a debtor must establish in order to have an allowed exemption of a tenancy by the entirety property interest. Under the first part, a debtor must hold an interest in property as a tenant by the entirety at the time she commenced her bankruptcy case. 11 U.S.C. § 522(b)(2)(B). Once this part is proven, the second part of § 522(b)(2)(B) limits a debtor's entireties exemption "to the extent such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). As stated in *Napotnik v. Equibank and Parkvale Savings Ass'n*:

> The words "exempt from process" should not be read to include only the particular exemptions specifically allowed debtors by state law. Section 522(b)(2)(A) already refers to such exemptions, and thus Section 522(b)(2)(B) would be a redundancy unless "exempt from process" meant "immune from process." The latter subsection was written to allow the debtor to exempt an interest in entireties property that could not . . . be reached by creditors.

679 F.2d 316, 318 (3d Cir. 1982); s*ee also Arango v. Third National Bank in Nashville*, (*In re Arango*), 992 F.2d 611, 614 (6th Cir. 1993) (recognizing that under Section 522(b)(2)(B) entireties property is exempt from the debts of individual spouses).

The degree of immunity provided to a tenancy by the entirety property interest is incorporated into § 522(b)(2)(B) by applicable nonbankruptcy law. In this case, the "applicable nonbankruptcy law" to be examined by the Court is Michigan's tenancy by the entireties law.[5] As recently elaborated on by the U.S. Supreme Court,

> Michigan's version of the estate is typical of the modern tenancy by the entirety. Following Blackstone,[6] Michigan characterizes its tenancy by

---

[5] The issues before the Court involve Michigan's tenancy by the entireties law in existence prior to the enactment of Mich. Comp. Laws Ann.§ 600.5451 and § 600.6023a. These statutes were immediately effective on January 3, 2005 and address exemption of an entireties property interest.

[6] As noted by the Supreme Court, "Blackstone did not characterize the tenancy by the entirety as a form of concurrent ownership at all. Instead he thought that entireties property was a form of single ownership by the marital unity." *Craft,* 535 U.S. at 281 (*citing* John V. Orth, *Tenancy by the Entirety: The Strange Career of the Common-Law Marital Estate*, 1997 B.Y.U.L. Rev. 35, 38-39).

-10-

> the entirety as creating no individual rights whatsoever: "It is well settled
> under the law of this State that one tenant by the entirety has no interest
> separable from that of the other. . . . Each is vested with an entire title."
> *Long v. Earle*, 277 Mich. 505, 517, 269 N.W. 577, 581 (1936).  And yet, in
> Michigan, each tenant by the entirety possesses the right of survivorship.
> Mich. Comp. Laws Ann. § 554.872(g) (West Supp. 1997), recodified at
> § 700.2901(2)(g) (West Supp. Pamphlet 2001).  Each spouse-the wife as
> well as the husband-may also use the property, exclude third parties from
> it, and receive an equal share of the income produced by it. *See* § 557.71
> (West 1988). Neither spouse may unilaterally alienate or encumber the
> property, *Long v. Earle*, supra, at 517, 269 N.W., at 581; *Rogers v.
> Rogers*, 136 Mich.App. 125, 134, 356 N.W.2d 288, 292 (1984), although
> this may be accomplished with mutual consent, *Eadus v. Hunter*, 249
> Mich. 190, 228 N.W. 782 (1930). Divorce ends the tenancy by the entirety,
> generally giving each spouse an equal interest in the property as a tenant
> in common, unless the divorce decree specifies otherwise. Mich. Comp.
> Laws Ann. § 552.102 (West 1988).

*U.S. v. Craft*, 535 U.S. 274, 281-82 (2002).

The level of immunity afforded to entireties property under Michigan law was first recognized by the Sixth Circuit Court of Appeals in *In re Grosslight*, 757 F.2d 773 (6th Cir. 1985).  *Grosslight* involved a joint creditor's efforts to protect its claim when one party indebted to it filed bankruptcy.  Terry Grosslight and his wife Sandra Grosslight signed a promissory note in favor of Liberty State Bank & Trust (Liberty).  Mr. and Mrs. Grosslight were jointly and severally liable on the note.  When they failed to pay this obligation, Liberty filed suit against them.  Before obtaining a judgment against either one of them, Mr. Grosslight filed an individual bankruptcy petition, which stayed the state court litigation.  Liberty commenced an adversary proceeding seeking to protect its claim against Mr. and Mrs. Grosslight.  Liberty requested that the court lift the automatic stay and permit it to proceed with the pending state court litigation.  Liberty hoped to reach Mrs. Grosslight's individual property and Mr. and Mrs. Grosslight's entireties property.  The bankruptcy court denied Liberty's request and its ruling was affirmed by the district court.

On appeal, the specific issue addressed by the Sixth Circuit Court of Appeals was "whether entireties property is exempt from [the claims of] joint creditors under 11 U.S.C. § 522(b)(2)(B)." *Id.* at 776.  The Sixth Circuit explained that

-11-

> The circuits have split on the question whether entireties property is exempt from joint creditors under 11 U.S.C. § 522(b)(2)(B). The Third Circuit has held that a creditor with a judgment on a joint debt may levy upon the property itself and thus on the interests of both spouses. The debtor's interest *in that portion of entireties property reachable by joint creditors therefore is not exempt. Napotnik v. Equibank & Parkvale Savings Association,* 679 F.2d 316, 320-22 (3d Cir.1982); *accord In re Traurig,* 34 B.R. 325 (Bankr.S.D.Fla.1983); *In re Trickett,* 14 B.R. 85, 89-90 (Bankr.W.D.Mich.1981).
>
> The Fourth Circuit, on the other hand, has reasoned that a joint creditor cannot levy on a debtor's interest in entireties property, but only on the property itself, and therefore the whole interest is exempt under section 522(b)(2)(B). *In re Ford,* 3 B.R. 559, 576 (Bankr.D.Md.1980) (en banc), *aff'd on the opinion of the bankruptcy court sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). To prevent injustice, the Fourth Circuit continues the prior practice of lifting the automatic stay and deferring discharge while joint creditors seek their remedy in state court. *Sovran Bank v. Anderson,* 743 F.2d 223, 224 (4th Cir.1984); *Chippenham Hospital v. Bondurant,* 716 F.2d 1057, 1059 (4th Cir.1983); *accord D'Avignon v. Palmisano,* 34 B.R. 796, 800 (D.Vt.1982).
>
> The distinction between the two views is of theoretical and procedural rather than substantive significance. From that perspective, however, we believe that the better view is that expressed by the Third Circuit in *Napotnik.* It is true, as the Fourth Circuit recognized in *Ford,* that "[i]n order for joint creditors to execute upon entireties property, the husband's interests must be joined with the interests of the co-tenant wife." 3 B.R. at 576. But, because *each spouse owns the whole estate and each spouse is liable for the whole debt*, it is a false distinction to declare that a joint creditor cannot reach a spouse's individual undivided interest in entireties property. A joint creditor would inevitably seek the joint interests to satisfy a joint and several liability, and under state law he could do so. *See Napotnik,* 679 F.2d at 321 & n. 10.

*In re Grosslight*, 757 F.2d at 776-77 (emphasis added).

While the *Grosslight* court then articulated a procedure for a joint creditor to follow when a debtor's exemption of a tenancy by the entirety property interest was improper by objecting to a debtor's exemption, it did so because it expressly recognized that under Michigan law entireties property is not exempt from process by joint creditors in satisfaction of joint debts owed by a husband and wife. The Sixth Circuit Court of Appeals explained that

-12-

> Under Michigan law, ordinary creditors cannot reach interests in entireties property, and the entire interest will therefore be exempt if there are no joint creditors. Joint creditors, however, can reach entireties interests, subject only to the $3,500 homestead exemption in Mich. Const. art. 10, §3.

*In re Grosslight*, 757 F.2d 773, 775-77 (6th Cir. 1985) (*citing Sanford v. Bertrau*, 169 N.W. 880 (1918)).

Applying this rule to the facts before the Court, leads the Court to conclude that Debtor's exemption of the Marital Property as claimed is improper for several reasons. First, Debtor stated the value of her exemption as an "undivided interest" in the Property with a numerical value of $ 86,200, which amount is actually one-half the amount of the value of the Martial Property of $ 172,400 as represented by Debtor on her Schedule D. This representation by Debtor is incorrect because it fails to recognize the full extent of her entireties interest in the Marital Property in accordance with Michigan law. At the time Debtor commenced her case, her interest in the Marital Property consisted of the *whole* entirety estate. *Rogers v. Rogers*, 356 N.W.2d 288, 292-93 (Mich. Ct. App. 1984) (stating that "[t]he classic basis for a tenancy by the entireties was the concept that "the husband and wife are but one person in the law. In a true tenancy by the entireties, each spouse is considered to own the whole and, therefore, is entitled to the enjoyment of the entirety and to survivorship"); *Budwit v. Herr*, 63 N.W.2d 841, 849 (Mich. 1954)(Dethmers, J., concurring in part and dissenting in part) (noting that in a tenancy by the entireties "each spouse owns the whole, not a moiety or undivided half")). Therefore, Debtor's interest in the Marital Property is comprised of the property as a whole and the value of her interest should be reflected as such (i.e., $ 172,400). Second, the amount of Debtor's claimed exemption fails to take into account the total amount of existing secured and unsecured joint debts. Debtor's exemption only accounts for one-half of the amount of existing secured claims and does not take into account the joint unsecured claim. Again, this is contrary to Michigan law since Debtor's interest in the Marital Property consists of the property as a whole and it is subject to process and may be reached by joint creditors for the full amount of any and all joint debts. *Grosslight*, 757 F.2d at 776-777. In this case, Debtor's allowable

-13-

§ 522(b)(2)(B) exemption should be calculated[7] as follows:

| | |
|---|---:|
| Entire value of the TBE property that is property of the estate | $ 172,400.00 |
| Less: | |
|     Secured claims (1st and 2nd mortgages)[8] | 49,333.98 |
|     Unsecured joint debt (Discover card) | 5,109.92 |
| Debtor's Legally Permissible TBE Exemption | $ 117,956.10 |

The non-exempt portion of $ 5,109.92, which represents the unsecured joint debt to Discover Card, is subject to administration by the Trustee.[9] The remaining amount of $ 117,956.10 is exempt from property of the estate since it is exempt from process under Michigan law.

### III. Conclusion

For the reasons set forth above, the Court SUSTAINS the Trustee's objection to Debtor's exemption of the Marital Property.

**Entered: August 23, 2006**

                                             **/s/ Walter Shapero**
                                             **Walter Shapero**
                                             **United States Bankruptcy Judge**

---

[7] The Court respectfully disagrees with an alternative calculation of a § 522(b)(2)(B) exemption articulated in *In re Raynard*, 327 B.R. 623, 629 n.11 (Bankr. W.D. Mich. 2005) since it recognizes that only half the value of an individual debtor's entireties property interest is property of the estate instead of the full value as required by Michigan's tenancy by the entirety law. This calculation, in affect, severs the tenancy by the entirety interest between the debtor and non-debtor spouse.

[8] There is no dispute about these secured joint debts. The Court lists them here only to aid it in the articulation of the Court's analysis.

[9] Debtor's exemption of the Marital Property did not include the $3,500 homestead exemption she is entitled to by Mich. Const. art. 10, § 3 and the Court makes no determination about this aspect of her exemption at this time.

-14-